IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:11-cr-30029-1-PA |
| Plaintiff, | |
| v. | |
| JASON MICHAEL SCOTT NELSON, | **ORDER** |
| Defendant. | |

**PANNER, District Judge:**

A jury convicted defendant Jason Michael Scott Nelson of conspiracy to manufacture marijuana, manufacture of marijuana, and possession of an unregistered firearm.

Defendant moves for a new trial. I deny the motion.

### STANDARDS

On the defendant's motion, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The court has discretion in

1 - ORDER

deciding whether to grant a motion for a new trial.  See <u>United States v. Kellington</u>, 217 F.3d 1084, 1097 (9th Cir. 2000).  "The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses."  <u>Id.</u>

## DISCUSSION

Defendant contends that the jury was misled by the instructions on his entrapment by estoppel theory.  Defendant argues the jury was not instructed properly on the definitions of "manufacture" and "delivery" under Oregon medical marijuana law.  Defendant also contends the government improperly argued that Oregon law limits medical marijuana growers to possessing no more than 1.5 pounds of usable marijuana per patient, including amounts in the patient's possession.

I conclude that the jury instructions were correct on Oregon medical marijuana law, and that the government's argument was not misleading.  Even if there were errors, they would not have affected the verdict.  Defendant had the burden of proof on the defense.  There was ample evidence from which the jury could find defendant was not complying with Oregon medical marijuana law, for example by selling marijuana through a third party and by possessing greater quantities than allowed.

Defendant also argues that he was unfairly surprised by government's exhibit 71, which was a redacted copy of the Oregon

2 - ORDER

medical marijuana statutes. The exhibit assisted the jury in determining whether defendant was complying with Oregon medical marijuana law. Defendant's attorney was able to review exhibit 71 and make his objections before it was given to the jury.

Defendant argues that the jury was misled about the length of the two undersized rifles because the removable muzzle pieces were not attached. I disagree. The jury was shown photographs of the rifles as they were found with the muzzle pieces attached, and was instructed on calculating the length of a rifle by excluding easily removable extensions.

Even if the jury was misled as to the two rifles, it would not have affected the verdict. To find defendant guilty, the jury needed to find only one of the seven firearms was unregistered. The jury found against defendant as to all seven firearms.

I also conclude that the jury instruction on knowledge was proper.

### CONCLUSION

Nelson's amended motion for a new trial (#80) is denied.

IT IS SO ORDERED.

DATED this 29 day of June, 2011.

*Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE